COMMONWEALTH vs. MARIO S. PAPPALARDO, JR.  September 19, 1980. After a trial before a six-man jury in a District Court, the defendant was convicted of violating G. L. c. 269, § 10(a) (carrying a firearm without a license), and G. L. c. 269, § 10(h) (unlawful possession of ammunition), and was sentenced.  The only issue raised on appeal is whether the judge erred in denying the defendant's motion to suppress the firearm and ammunition.  The defendant concedes the lawfulness of the stop of the vehicle in which he was a passenger.  We hold that in the circumstances of this case (1) it was proper for the police officer to cause the occupants to step out of the car, *Pennsylvania* v. *Mimms,* 434 U.S. 106, 110-111 (1977), *Commonwealth* v. *Ferrara,* 376 Mass. 502, 505 (1978); and (2) the "pat frisk" of the defendant by the officer which led to the discovery of the firearm and ammunition was reasonable under the principles set out in *Terry* v. *Ohio,* 392 U.S. 1, 19 (1968).  See *Pennsylvania* v. *Mimms,* 434 U.S. at 111-112.  Compare *Commonwealth* v. *Riggins,* 366 Mass. 81, 86-87 (1974).  Contrast *Commonwealth* v. *Silva,* 366 Mass. 402, 407 (1974).

*Judgments affirmed.*

*Raymond C. Malloy* for the defendant.
*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.

COMMONWEALTH vs. MICHAEL THOMAS, JR.  September 19, 1980.  We do not consider indictment no. 79-755 because that indictment was placed on file with the defendant's consent.  *Commonwealth* v. *Barnett, ante* 844 (1980).  The judgment on indictment no. 79-754 is affirmed for the reasons set out in the Commonwealth's brief.

*So ordered.*

*Brownlow M. Speer* for the defendant.
*Susan C. Mormino,* Assistant District Attorney, for the Commonwealth.