COMMONWEALTH vs. RONALD G. GROGAN.

Worcester.  March 16, 1981. — April 10, 1981.

Present: HALE, C.J., BROWN, & GREANEY, JJ.

*Identification.  Practice, Criminal,* Questioning of witness by judge.
   *Evidence,* Relevancy and materiality.  *Homicide.  Intent.*

At a criminal trial, the judge did not err in refusing to suppress an out-of-
   court identification of the defendant by the victim at a hospital or the
   victim's in-court identification.  [685]
The defendant at a criminal trial was not prejudiced by the judge's ques-
   tioning of a defense witness where the questioning exhibited no bias
   and clarified matters to the benefit of the defendant and where the
   judge cautioned the jury not to accord the testimony any special belief
   or weight and not to draw any inferences from the fact of his question-
   ing.  [685-686]
At the trial of a defendant on charges arising out of his brutal beating of a
   five year old girl, the judge did not abuse his discretion in admitting
   evidence of benzidine tests performed on the day after the defendant's
   arrest which disclosed the presence of blood on the defendant's shoes;
   the fact that the tests could not determine whether the blood was from
   a human or when it came to be on the shoes went to the weight of the
   evidence and not its admissibility.  [686]
At the trial of a defendant on an indictment charging him with attempted
   murder by strangulation, evidence that the defendant put his hands
   around the victim's neck, with his thumbs in front of her neck, that the
   victim said the defendant "choked" her, and that there were abrasions
   on the victim's neck, together with evidence that the defendant repeat-
   edly struck the victim's head against a rock with sufficient force to
   fracture her skull and concuss her brain, warranted the denial of the
   defendant's motion for a required finding of not guilty.  [686-687]

INDICTMENTS found and returned in the Superior Court
Department on August 22, 1979.

The cases were tried before *Hallisey,* J.

*Steven J. Rappaport* for the defendant.

*William E. Loughlin,* Assistant District Attorney, for the
Commonwealth.

HALE, C.J. The defendant has appealed from convictions on indictments charging kidnapping (G. L. c. 265, § 26), assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A), assault with intent to murder (G. L. c. 265, § 15), and attempted murder by strangulation (G. L. c. 265, § 16), all of which arose out of the brutal beating of a five year old girl. The defendant was awarded a sentence of fifteen to twenty years at M.C.I., Walpole on the last indictment and nine to ten year concurrent sentences on the others.[1]

We limit any recitation of the evidence to those portions bearing on four assignments of error which the defendant now presses.

1. The defendant claims that the judge erred when he denied the defendant's motion to suppress an out-of-court identification of him made by the victim at a hospital and any in-court identification as well. After a lengthy hearing the judge made detailed findings which were fully warranted by the evidence. He made detailed rulings of law with which we are in agreement. Nothing would be added to the jurisprudence of the Commonwealth by a listing of the cases relied upon by the judge or by a recitation of numerous other, often cited, cases which support his rulings. There was no error.

2. The judge quite actively questioned a defense witness and because of it the defendant claims he was prejudiced, although no objection was made to the questioning at trial. See *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 846 (1980). We have closely examined the transcript of the inquiry to which the defendant now objects and conclude that the questioning exhibited no bias and was within the judge's right. *Commonwealth* v. *Fleming*, 360 Mass. 404, 409 (1971). *Commonwealth* v. *Fiore*, 364 Mass. 819, 826-827 (1974). Moreover, the judge shortly after his questioning

---

[1] An indictment for assault and battery (G. L. c. 265, § 13A) was filed by the court with the consent of the defendant and is thus not before us. See *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975); *Commonwealth* v. *Thomas*, 10 Mass. App. Ct. 897 (1980).

cautioned the jury not to draw any inferences from the fact that he had asked some questions and not to accord the testimony that he had elicited any special belief or weight. Considering that the questions and answers, if anything, clarified matters to the benefit of the defendant (see *Commonwealth* v. *Robinson*, 7 Mass. App. Ct. 600, 606 [1979]) and that the judge gave limiting instructions, there was no likelihood of a miscarriage of justice. Contrast *Commonwealth* v. *Sneed*, 376 Mass. 867, 869-870 (1978).

3. The defendant claims that the judge abused his discretion in admitting evidence of benzidine tests performed on the day after the defendant's arrest which disclosed the presence of blood on the defendant's shoes. The tests did not (and could not) determine whether the blood was from a human being or when or how it came to be on the defendant's shoes. There was no abuse of discretion. The testimony and exhibits show that the child's head and face were virtually covered with blood; the jury could have found under these circumstances that the child's assailant would have had blood on his shoes, clothing and hands. (Evidence that the tests failed to disclose the presence of blood on the defendant's hands and clothing was also introduced.) The evidence of the results of those tests was relevant to the question whether the defendant was the child's assailant, and the judge did not abuse his discretion in determining that the probative value of this evidence outweighed any possible prejudice. *Commonwealth* v. *Sellon*, 380 Mass. 220, 230 (1980). *Commonwealth* v. *Healy*, 9 Mass. App. Ct. 901 (1980). That the benzidine test could not differentiate between human and animal blood or determine the source or age of the stains tested, goes to its weight and not to its admissibility. See *Commonwealth* v. *Ross*, 361 Mass. 665, 679 (1972), vacated on other grounds, 410 U.S. 901, on remand, 363 Mass. 665, cert. denied, 414 U.S. 1080 (1973).

4. The defendant argues error in the denial of his motion for a required finding of not guilty on the indictment charging attempted murder by strangulation, asserting that there

was insufficient evidence of intent to strangle to support the charge. There was evidence that the defendant had put his hands around the child's neck, with his thumbs in the front of her neck, a position which in itself would warrant the jury in concluding that he intended to strangle her. There was evidence that the victim said that the defendant "choked" her, and there were abrasions on the sides of the victim's neck. There was evidence that the defendant repeatedly struck the victim's head against a rock with force sufficient to fracture her skull and to concuss her brain. This evidence would warrant any rational jury to find beyond a reasonable doubt (*Commonwealth* v. *Latimore*, 378 Mass. 671, 678 [1979]) that he intended to murder the child by strangling her or by the combined effect of strangling her and cracking her head on a rock, and it mattered little to him by which means he accomplished the deed. The judge did not err in denying the motion. See *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 54 (1975); *Commonwealth* v. *Obshatkin*, 2 Mass. App. Ct. 1, 2-3 (1974).

*Judgments affirmed.*