COMMONWEALTH *vs.* DEXTER BEATTIE.

Essex. February 5, 1991. - March 5, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Homicide. Attempt. Insanity. Intoxication. Intent. Practice, Criminal*, Instructions to jury.

A defendant on trial for attempt to murder by strangulation was not entitled, on the evidence presented, to have the judge instruct the jury, in accordance with *Commonwealth* v. *Grey*, 399 Mass. 469, 474 (1987), that they could consider the defendant's mental condition wherever the Commonwealth had the burden of proving his specific intent. [459-460]

INDICTMENT found and returned in the Superior Court Department on September 21, 1988.

The case was tried before *Peter F. Brady*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Michael J. Traft* for the defendant.

*S. Jane Haggerty*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. We granted further appellate review in this case (see *Commonwealth* v. *Beattie*, 29 Mass. App. Ct. 355 [1990]) to consider whether there was reversible error because the judge failed to instruct the jury in accordance with *Commonwealth* v. *Grey*, 399 Mass. 469, 474 (1987). The *Grey* case requires that, on request, where the evidence puts the issue in doubt, a judge must instruct the jury that they should consider the defendant's mental condition in determining whether the Commonwealth had proved that the defendant had a specific intent that is an element of the crime charged. *Commonwealth* v. *Grey*, *supra* at 471-472. The Appeals Court concluded that the omission created no substan-

tial risk of a miscarriage of justice. *Commonwealth* v. *Beattie, supra* at 359, 363.

The judge properly charged the jury that, to convict the defendant of attempted murder, they had to find beyond a reasonable doubt that the defendant did an act designed to result in death with the specific intent that death result. As the Appeals Court properly noted (*Commonwealth* v. *Beattie, supra* at 361), neither expert witness provided any evidence as to whether the defendant's mental condition affected the defendant's capacity to form the specific intent to murder his estranged wife. There was evidence from the defendant that his mental condition combined with his consumption of prescription drugs, exacerbated by his consumption of alcohol on the day of the crime, affected his capacity to have a specific intent to murder. The judge properly instructed the jury that, in deciding whether the Commonwealth had proven specific intent beyond a reasonable doubt, they could consider evidence that the defendant was under the influence of alcohol or prescription drugs, or both, at the time of the crime. See *Commonwealth* v. *Henson*, 394 Mass. 584, 592-594 (1985).

The defendant simply was not entitled on the evidence to a *Grey* instruction. The record of this trial would not permit a jury to have a reasonable doubt whether the defendant's mental condition alone prevented him from having the specific intent that is an element of the crime of attempted murder. Defense counsel did ask for a *Grey* instruction but did not object when it was not given. He did object to the other aspects of the judge's charge. We see no omission by trial counsel. He may have concluded, as we have, that no *Grey* charge was warranted.

The Commonwealth argued in its brief to the Appeals Court that the evidence did not warrant a *Grey* instruction. The Appeals Court opinion does not discuss the question but, because it went right to the question of a substantial risk of a miscarriage of justice, that court implicitly decided that the evidence did require such an instruction, if requested. We agree with the Commonwealth, and need not decide whether,

assuming the evidence had called for a *Grey* instruction, the Appeals Court was correct in ruling that there was no substantial risk of a miscarriage of justice because of the absence of a *Grey* instruction. On this point we would observe, however, that the defendant's specific intent to murder was established "strongly, if not overwhelmingly," as the Appeals Court said (*Commonwealth* v. *Beattie, supra* at 363), only if one accepts as true the testimony of the defendant's girl friend, Denise Knight. In measuring the degree of risk of error, determinations of the credibility of a crucial witness are not an appellate function, especially where the motivations of that witness, as here, are subject to question.

We agree with the Appeals Court's disposition of the other issues argued on appeal.

*Judgment affirmed.*