COMMONWEALTH *vs.* DAVID M. DIXON.

No. 91-P-714.

Middlesex. May 6, 1993. - June 24, 1993.

Present: ARMSTRONG, FINE, & GILLERMAN, JJ.

*Assault and Battery. Homicide. Attempt. Practice, Criminal,* Lesser included offense. *Statute,* Construction.

Assault and battery is not a lesser included offense within the crime of attempted murder by strangulation (G.L. c. 265, § 16), as an overt act necessary to constitute the attempt may be committed without any physical touching of the victim. [654-657]

At the trial of an indictment for attempted murder by strangulation (G. L. c. 265, § 16), where the jury found the defendant guilty of assault and battery on the basis of the judge's erroneous instruction that assault and battery was a lesser included offense within the crime charged, only so much of the jury's verdict as convicted the defendant of simple assault, a lesser included offense within both crimes, was allowed to stand. [657]

INDICTMENT found and returned in the Superior Court Department on November 7, 1989.

The case was tried before *Paul A. Chernoff,* J.

*William R. Hill, Jr.,* Committee for Public Counsel Services, for the defendant.

*Martin F. Murphy,* Assistant District Attorney, for the Commonwealth.

FINE, J. The issue in this case is whether assault and battery is a lesser included offense within G. L. c. 265, § 16, the crime of "attempt[ing] to commit murder by poisoning, drowning or strangling another person, or by any means not constituting an assault with intent to commit murder." The one-count indictment alleged that the defendant "did attempt to commit murder of [the victim], and in such attempt did strangle her by choking; but did fail in the perpetration of said attempted murder." The evidence at the defendant's

jury trial warranted a verdict of guilty as charged, and the judge properly instructed the jury on the elements of attempted murder by strangulation. He also instructed the jury on the elements of assault and battery and, over the defendant's objection, gave the jury the option of finding the defendant guilty of assault and battery as a lesser included offense within attempted murder by strangulation. The jury returned a verdict of guilty of the lesser included offense of assault and battery.

·Assault and battery is not a lesser included offense within attempted murder by strangulation unless assault and battery requires proof of no facts additional to those required to prove attempted murder by strangulation. See G. L. c. 278, § 12; *Commonwealth* v. *Crocker*, 384 Mass. 353, 357 (1981), and cases cited. The indictment in this case, by including the allegation of choking, may have been sufficiently broad in its wording to encompass both offenses, attempted murder by strangulation and assault and battery. Only the attempted murder statute, however, was identified in the indictment. Conviction of any other crime, unless a lesser included offense, would have required an allegation of that other crime either in a different count, Mass.R.Crim.P. 9(a)(2), 378 Mass. 859 (1979), or in a separate indictment. We must decide, therefore, whether assault and battery is necessarily a lesser included offense within the crime charged, attempted murder by strangulation. The defendant argues that it is not. While the jury's verdict may be understandable in light of the words of the indictment, the evidence, and the instructions, we agree with the defendant that legally it may not stand. So much of the verdict as consists of a finding of simple assault, however, may stand.

An assault and battery is the intentional, unprivileged, unjustified touching of another with such violence that bodily harm is likely to result. See *Commonwealth* v. *Burke*, 390 Mass. 480, 482-483 (1983). The offensive touching may be direct, as by striking another, or it may be indirect, as by setting in motion some force or instrumentality with the intent to cause injury. See *Commonwealth* v. *Stratton*, 114

Mass. 303 (1873); Perkins & Boyce, Criminal Law 153-154 (3d ed. 1982). The first question is whether such physical force as would constitute an assault and battery is a required element of attempted murder by strangulation.

One may be found guilty of attempted murder either under the general attempt statute, G. L. c. 274, § 6, or under the particular attempted murder statute in issue, which carries a greater penalty. See also G. L. c. 265, § 18 (armed assault with intent to murder). Generally, the elements of an attempt consist of the intent to commit a specific crime, some overt act towards its commission, and failure or interruption. See *Commonwealth* v. *Ortiz*, 408 Mass. 463, 470 (1990). The Commonwealth concedes that assault and battery is not generally a lesser included offense of attempted murder. See *People* v. *Toro*, 47 Cal. 3d 966, 972 (1989); *State* v. *Daniels*, 223 Kan. 266 (1977). If proof of strangulation is a required element of the particular form of attempted murder charged, however, assault and battery would necessarily be a lesser included offense.

To make the determination whether proof of strangulation is required, we must first determine whether the words "poisoning, drowning or strangling" in the statute modify the word "attempts" or whether they modify the word "murder."[1] If, as the Commonwealth suggests, those words modify "attempts," a defendant could be convicted, assuming the requisite intent, only if he engaged in the act of poisoning, drowning, or strangling. If, on the other hand, those words modify "murder," the defendant could be convicted under the statute if he committed an overt act towards the commission of the murder, but the overt act could be something other than actually drowning, poisoning, or strangling.[2] We

---

[1]General Laws c. 265, § 16, provides in pertinent part:

"Whoever attempts to commit murder by poisoning, drowning or strangling another person, or by any means not constituting an assault with intent to commit murder, shall be punished . . . ."

[2]By definition, the words "poisoning," "drowning," and "strangling" usually, but not always, refer to acts that result in death. The American Heritage Dictionary of the English Language 1273 (3d ed. 1992), defines

think the latter reading of the statute is the more reasonable one. For one thing, the words "poisoning, drowning or strangling" immediately follow the word "murder" in the statute. Further, we think that interpretation more consistent with the probable intended reach of the statute, at least when applied to attempted murders by poisoning and drowning. Thus, in *Commonwealth* v. *Kennedy*, 170 Mass. 18 (1897), an indictment for attempted murder by poisoning alleged that the defendant placed rat poison on the underside of the crossbar of another person's moustache cup, intending that the person should imbibe the poison. The court, upholding the denial of the defendant's motion to quash the indictment, suggested that it would have been sufficient to prove the offense to show that "[t]he cup belonged to [the victim] and the defendant expected he would use it." *Id.* at 21. Similarly, with respect to attempts to murder by drowning, we think the statute was probably intended to reach the conduct of one who, hypothetically, tries to overturn a rowboat knowing that the occupant cannot swim as well as the conduct of one who succeeds in throwing the occupant into the water. Because the words "poisoning," "drowning," and "strangling" are used in sequence in the statute, they should be treated consistently. We conclude, therefore, that the overt act required for attempted murder by strangling, although it may in a particular case be strangling, *Commonwealth* v. *Beattie*, 29 Mass. App. Ct. 355, 358 (1990), *S.C.*, 409 Mass. 458 (1991), need not in all cases be strangling.

The question remains whether it would be possible for attempted murder by strangulation to be committed without the use of actual physical force on the person of another, direct or indirect, such as to constitute an assault and battery. Certainly, strangling or choking, manually or by ligature, usually constitutes the overt act required for attempted murder by strangulation. See *Commonwealth* v. *Grogan*, 11 Mass. App. Ct. 684, 686-687 (1981); *Commonwealth* v. *Beattie*, 29 Mass. App. Ct. at 358. Admittedly, it is very dif-

---

the verb to strangle as "1.a. To kill by squeezing the throat so as to choke or suffocate; throttle. b. To cut off the oxygen supply of; smother."

ficult to hypothesize overt conduct that would not involve an offensive touching but would qualify as an attempt to murder by strangulation. The overt act required for an attempt must, after all, be more than preparation and must come very near to accomplishment of the result. See *Commonwealth* v. *Kennedy*, 170 Mass. at 20-22; *Commonwealth* v. *Peaslee*, 177 Mass. 267, 272 (1901); *Commonwealth* v. *Gosselin*, 365 Mass. 116, 121 (1974); *Commonwealth* v. *Ortiz*, 408 Mass. at 472. Yet it is possible that such an act might occur as, for example, where plainly imminent strangulation is interrupted by an external event.[3] Because of the possibility of an attempted murder by strangulation without any physical touching, we conclude that assault and battery is not necessarily a lesser included offense within the crime of attempted murder by strangulation, and the option of convicting the defendant of assault and battery in this case was improperly given to the jury.

Simple assault, however, is a lesser included offense within attempted murder by strangulation. An assault is "an attempt (or offer) to do bodily harm to another by force or violence; or simply, an attempt to commit a battery." *Commonwealth* v. *Slaney*, 345 Mass. 135, 138 (1962). See *Commonwealth* v. *Burke*, 390 Mass. at 482. Neither fear nor apprehension of harm is an essential ingredient of the crime, see *Commonwealth* v. *Slaney*, 345 Mass. at 139, nor is physical touching. Commission of an overt act intended to cause death by strangulation which comes very close to accomplishment would necessarily be an attempt to commit a battery. As simple assault is also a lesser included offense within assault and battery, the crime of which the jury convicted the defendant, the portion of the guilty verdict which found simple assault may stand.

Accordingly, the judgment of conviction of assault and battery is vacated, and judgment of conviction of assault

---

[3]One possible example would be a case in which a perpetrator, intending to cause a person's death, sneaked up behind the person with a garotting cord and, just as the perpetrator reached his arms over the person's head, someone burst into the room and interrupted the attempt.

shall be entered. The case is remanded to the Superior Court for resentencing.

*So ordered.*