IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2007

Charles R. Fulbruge III
Clerk

No. 06-61002

ANTONIO FERNANDO DE PINA TEIXEIRA FORTES, also known as
Antonio Fortes Fernandes

Petitioner

v.

MICHAEL B MUKASEY, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A43 385 987

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On October 11, 2006, the Board of Immigration Appeals ("BIA") held that
Antonio Fernando De Pina Teixeira Fortes, also known as Antonio Fortes
Fernandes ("Fortes"), was deportable from the United States as an alien
convicted of an aggravated felony because his previous Massachusetts conviction
for assault and battery was a crime of violence under 18 U.S.C. § 16(a). Fortes
petitions this court to set aside that ruling. He argues that his past conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was not a crime of violence because:  (1) Massachusetts's assault and battery statute is over-inclusive and nothing proves that he was convicted of the type of crime that would be a crime of violence; and (2) Massachusetts does not classify his crime as a felony.  Because we agree that Fortes' prior conviction was not a crime of violence under § 16(a), we do not address his second argument.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Fortes, a citizen of Cape Verde, was admitted to the United States as a lawful permanent resident on March 4, 1995.  On September 6, 2001, Fortes was convicted in a Massachusetts state court of simple assault and battery.  The charging papers, submitted on August 21, 2001, alleged that Fortes "did assault and beat" the victim in violation of MASS. GEN. LAWS ch. 265, § 13A.  Fortes tendered an admission of facts sufficient for a finding of guilty and was sentenced to one year's imprisonment.  Three years later, in September 2004, Fortes was convicted in another Massachusetts court of assault and battery with a dangerous weapon under MASS. GEN. LAWS ch. 265, § 15A.

On June 20, 2005, Immigrations and Customs Enforcement ("ICE") opened removal proceedings against Fortes under § 237 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii).  ICE charged that Fortes was previously convicted of an aggravated felony—a crime of violence—based on his conviction in 2004 for assault and battery with a dangerous weapon.  On November 7, 2005, ICE amended the allegations against Fortes.  Rather than seeking his deportation due to his 2004 conviction under § 15A, ICE alleged that Fortes was removable as a result of his 2001 conviction under § 13A.

On October 31, 2005, the immigration judge ("IJ") held a hearing to consider whether Fortes was deportable.  The hearing was continued in order to afford Fortes an opportunity to hire counsel.  After a total of three continuances, Fortes represented himself at a removal hearing on December 14, 2005.  The IJ ordered that Fortes be deported because he admitted that he was convicted for

assault and battery with a dangerous weapon. On April 25, 2006, the BIA reversed the IJ's decision because the IJ considered the alleged 2004 conviction, even though ICE had withdrawn that allegation. It instructed the IJ to determine whether the alleged 2001 conviction could be proven and, if so, whether it constituted a crime of violence.

A removal hearing was held on May 22, 2006, where Fortes admitted that he was convicted in 2001, and the IJ found that Fortes was removable. The IJ continued the proceedings, however, to permit Fortes to file a claim for withholding. On June 12, 2006, Fortes conceded that such relief was not available to him. He also renewed his objection to the order of removal, arguing that his conviction was not a crime of violence because: (1) the Massachusetts statute he was convicted under includes both forceful and non-forceful types of assault and battery; and (2) his conviction did not involve the use of physical force.

On June 12, 2006, the IJ again ruled that Fortes committed a crime of violence. The IJ stated that, under Massachusetts common law, an assault includes an attempted or threatened use of physical force, and a battery includes an assault. The IJ reasoned, therefore, that every Massachusetts assault and battery conviction is a crime of violence if the alien receives a sentence of at least one year. Since Fortes received a one-year sentence, he was removable as an aggravated felon.

Fortes filed a timely appeal to the BIA. He argued that his conviction was not a crime of violence because: (1) Massachusetts common law prohibits non-forceful and non-harmful touching; and (2) assault and battery is only a misdemeanor in Massachusetts. On October 11, 2006, the BIA found that Fortes was removable as an alien convicted of an aggravated felony under § 16(a). While recognizing that the Massachusetts law was over-inclusive, the BIA ruled that Fortes was convicted of an assault and battery that included harmful

physical force. It reached this conclusion because the August 21, 2001, charging papers alleged that Fortes did "assault and beat" the victim.

Fortes filed a timely petition for review on October 30, 2006.

## II. JURISDICTION AND STANDARD OF REVIEW

Under the REAL ID Act § 106, a petition for review is "the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the INA]." 8 U.S.C. § 1252(a)(5). While the REAL ID Act generally prohibits review of "any final order of removal against an alien who is removable by reason of having committed [an aggravated felony,]" id. at § 1252(a)(2)(c), we may review "constitutional claims or questions of law," id. at § 1252(a)(2)(D). Whether a past conviction constitutes an aggravated felony is a pure question of law. Larin-Ulloa v. Gonzales, 462 F.3d 456, 461 (5th Cir. 2006) (citing Rodriguez-Castro v. Gonzales, 427 F.3d 316, 319 (5th Cir. 2005)). We review the issue de novo. Id.

## III. DISCUSSION

A. A Crime of Violence Under § 16(a)

Under § 237 of the INA, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony" includes "a crime of violence . . . for which the term of imprisonment [is] at least one year . . . ." 8 U.S.C. § 1101(a)(43)(F). A "crime of violence," as used in that statute, is defined in 18 U.S.C. § 16(a) as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 16(a) (emphasis added). The "physical force" required by § 16 is "destructive or violent force." United States v. Rodriguez-Guzman, 56 F.3d 18, 20 n.8 (5th Cir. 1995); United States v. Villegas-Hernandez, 468 F.3d 874, 879 (5th Cir. 2006). It does not encompass indirect acts, such as luring a poor swimmer into a strong undertow

or otherwise causing a person harm through subterfuge. Villegas-Hernandez, 468 F.3d at 879 n.6 (citation omitted).

To determine whether a past conviction satisfies § 16, we apply the "categorical approach" originally developed in Taylor v. United States, 495 U.S. 575 (1990). Larin-Ulloa, 462 F.3d at 463-64; see also United States v. Chapa-Garza, 243 F.3d 921, 924 (5th Cir. 2001). We look to the statutory definition of the underlying crime and "ask whether that legislatively-defined offense necessarily fits within the INA definition of [a crime of violence]." Larin-Ulloa, 462 F.3d at 463 (citations omitted). We do not consider the underlying facts that resulted in the alien's conviction. Id. (citations omitted); see also Leocal v. Ashcroft, 543 U.S. 1, 7 (2004) ("[The] language [of § 16] requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime."). As such, a prior offense "satisfies subsection 16(a)'s definition of a crime of violence only if a conviction for that offense could not be sustained without proof of the use of 'destructive or violent' force." Villegas-Hernandez, 468 F.3d at 879 (holding that a conviction for causing bodily injury to another was not a predicate offense because a number of non-forceful acts could cause bodily injury).

If the necessary force element cannot be ascertained because the statute of conviction defines more than one offense, we may look to certain limited documents to ask whether the alien was necessarily convicted under a section prohibiting a crime of violence. Larin-Ulloa, 462 F.3d at 464 (citations omitted). Where an alien pleaded guilty to the prior offense, we consider documents like the "'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" Omari v. Gonzales, 419 F.3d 303, 308 (5th Cir. 2005) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)). However, if these documents are "insufficient to establish that the petitioner was necessarily convicted of an aggravated felony,

we must find that 'the government has not met its burden of proving that the conduct for which the petitioner was convicted constitutes a predicate offense, and the conviction may not be used as a basis for removal.'" Larin-Ulloa, 462 F.3d at 464 (quoting Tokatly v. Ashcroft, 371 F.3d 613, 620 (9th Cir. 2004)).

B.  Analysis

Fortes argues that his prior conviction was not a crime of violence because § 13A prohibits non-forceful acts, and there was insufficient evidence to show that he was convicted for an assault and battery offense predicated on the use of physical force.  He asserts that the underlying indictment, which alleged that he "assault[ed] and beat" the victim, proves nothing because it used language standard to all § 13A indictments.  Fortes finds support for this argument in United States v. Jones, 235 F.3d 342, 347 (7th Cir. 2000), where the Seventh Circuit found that a § 13A conviction was not a crime of violence as defined by § 4B1.2 of the United States Sentencing Guidelines, despite an allegation that the defendant did "assault and beat" the victim.

On the other hand, Respondent argues that the charging papers prove Fortes was prosecuted for an offense that included the use of force as an element.[1]  Respondent points to First Circuit case law holding that a § 13A conviction is a crime of violence, under the sentencing guidelines at least, if it is charged that the defendant did "assault and beat" the victim.  See, e.g., United States v. Mangos, 134 F.3d 460, 464 (1st Cir. 1998).  The First Circuit disagrees "with the Seventh Circuit's basic premise that 'boilerplate language' alleging an assault and battery under Massachusetts criminal law is insufficient to deem a

---

[1] Respondent does not argue that Fortes' conviction constitutes a crime of violence under § 16(b), which includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).  Indeed, Respondent states that we need not consider § 16(b) because the BIA did not rely on that subsection.

subsequent conviction a crime of violence under § 4B1.2." United States v. Santos, 363 F.3d 19, 24 (1st Cir. 2004).

Notwithstanding the parties' focus on the charging papers, we find that a § 13A conviction for simple assault and battery never has as an element "the use, attempted use, or threatened use of physical force." The definition of simple assault and battery, which is not set forth in § 13A, is provided by Massachusetts common law.[2] Mangos, 134 F.3d at 463. It "is the intentional and unjustified use of force upon the person of another, however slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another." Commonwealth v. McCan, 178 N.E. 633, 634 (Mass. 1931) (emphasis added). Intentional assault and battery encompasses two different types of offenses: harmful batteries and offensive batteries. Mangos, 134 F.3d 460, 463-64 (citing Commonwealth v. Burke, 457 N.E.2d 622, 624 (Mass. 1983)). The first involves actual or potential physical harm, while the latter involves non-consensual, but un-harmful, touching. United States v. Harris, 964 F.2d 1234, 1236 (1st Cir. 1992) (citations omitted). While "force" is necessary to commit a harmful battery, the force may "be indirect, as by setting in motion some force or instrumentality with the intent to cause injury." Commonwealth v. Dixon, 614 N.E.2d 1027, 1029 (Mass. App. Ct. 1993) (citing Commonwealth v. Stratton, 114 Mass. 303 (1873)).

Respondent assumes that any conviction for a "harmful battery" must include an element of force. But "slight" force is inconsistent with "violent or destructive force," even if it sometimes results in physical harm. And "indirect

---

[2] Section 13A(a) merely sets forth the sentence for committing a simple assault and battery. Section 13A(b), meanwhile, sets forth penalties for more serious forms of assault and battery, including those that: (i) result in serious bodily injury; (ii) are committed upon pregnant women; and (iii) are committed in violation of restraining orders. Respondent does not argue that Fortes was convicted under § 13A(b), and we find nothing in the record to indicate otherwise.

force" is not "physical force." See United States v. Vargas-Duran, 356 F.3d 598, 606 (5th Cir. 2004) ("There is . . . a difference between a defendant's causation of an injury and the defendant's use of force."). To illustrate, in Massachusetts, "[o]ne is guilty of an assault and battery who delivers to another a thing to be eaten, knowing that it contains a foreign substance and concealing the fact, if the other, in ignorance of the fact, eats it and is injured in health." Stratton, 114 Mass. at 303. On the other hand, we have stated that § 16(a)'s definition of force does not include "making available to the victim a poisoned drink while reassuring him the drink is safe . . . [because] the government would not need to show the defendant used physical force against the person . . . of another." Villegas-Hernandez, 468 F.3d at 879.

We pause to address one of our previous cases that may have caused Respondent to assume that Massachusetts's simple assault and battery statute includes force as an element. In Andrade v. Gonzales, 459 F.3d 538, 544-45 (5th Cir. 2006), we recognized that § 13A is a divisible statute, and concluded that a conviction under § 13A was not a per se aggravated felony. We also held that the underlying statute had as "an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." Id. at 545 (internal quotations omitted). That was so because "the 1996 conviction for which [the petitioner] was ordered removed also concerned a violation of a domestic abuse protective order." Id. at 544-45.

Andrade, however, does not mandate the same conclusion in this case because there is no allegation that Fortes violated a domestic restraining order. This is not a mere difference between the two petitioners' conduct. Cf. Villegas-Hernandez, 468 F.3d at 883 (stating that the means of violating a statute are not relevant). Rather, Fortes was charged under a separate and distinct subsection of § 13A. Simple assault and battery, for which Fortes was convicted, is governed by § 13A(a); assault and battery, in conjunction with a violation of a

restraining order, is governed by § 13A(b). Obviously, the elements of the offense are not the same, and it is unsurprising that one offense in a divisible statute constitutes a crime of violence under § 16(a), while another offense under a separate subsection does not.

Lastly, we note that our decision is consistent with both the First and Seventh Circuits' interpretation of § 13A. Those two circuits agree that Massachusetts's simple assault and battery crime does not have as an element the use of force. See United States v. Fernandez, 121 F.3d 777, 780 (1st Cir. 1997) ("Neither violence, nor the use of force, is an essential element of the crime . . . ."); Jones, 235 F.3d at 347 ("[Defendant's] conviction does not qualify . . . since actual, attempted or threatened physical force is not a necessary element of the offense."). While they disagree about the effect of allegations in the charging papers under U.S.S.G § 4B1.2(a)(1)(ii), the question is meaningless in this context. See United States v. Charles, 301 F.3d 309, 314 (5th Cir. 2002) (en banc) (holding that is error to conflate a § 16 crime of violence with § 4B1.2(a) crime of violence). We may not analyze the indictment or other like documents to see if Fortes violated § 13A by using physical force once we conclude that the element of force is not necessary to a conviction. See Villegas-Hernandez, 468 F.3d at 883.

## IV. CONCLUSION

For the foregoing reasons, we GRANT the petition for review and remand for any further consideration consistent with this opinion.