In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2358

United States of America,

Plaintiff-Appellee,

v.

Latidtus Jones,/*

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 634--Elaine E. Bucklo, Judge.

Submitted October 23, 2000--Decided December 15, 2000

Before Posner, Diane P. Wood, and Williams, Circuit
Judges.

Williams, Circuit Judge.  After pleading guilty to
bank robbery, Latidtus Jones was sentenced to 153
months' imprisonment, based, in part, on the
district court's determination that he qualifies
as a career offender under the Sentencing
Guidelines. On appeal, Jones challenges the
district court's career offender determination.
We reverse.

I

In the summer of 1999, Latidtus Jones robbed a
bank in Aurora, Illinois. Following his
apprehension and arrest, the government charged
Jones with one count of bank robbery, in
violation of 18 U.S.C. sec. 2113(a). Jones
eventually pleaded guilty to the charge and the
district court accepted his plea.

In the sentencing proceedings that followed, the
government sought a relatively high Sentencing
Guideline range for Jones based on the
particulars of his crime and his extensive
criminal history. Among other things, the
government argued that Jones qualified as a
career offender under sec. 4B1.1 of the
Sentencing Guidelines because bank robbery is a
crime of violence and Jones had two previous

felony convictions for crimes of violence, a 1998 Massachusetts kidnapping conviction and a 1994 Massachusetts assault and battery conviction. Jones maintained, however, that his 1994 Massachusetts assault and battery conviction was neither a felony conviction nor a conviction for a crime of violence.

Jones contended that his assault and battery conviction was not a felony conviction because Massachusetts classifies assault and battery as a misdemeanor. The district court rejected Jones's argument on the ground that, for purposes of the career offender guideline, a crime punishable by a term of imprisonment exceeding one year (as assault and battery is in Massachusetts) qualifies as a felony, regardless of how state law classifies the crime. The court therefore ruled that Jones's assault and battery conviction must be considered a felony conviction.

Jones contended that his assault and battery conviction was not a conviction for a crime of violence because there was insufficient evidence to establish that his offense involved actual, attempted, or threatened physical violence. Also at issue was what evidence could be considered in determining whether his offense was a crime of violence. On this latter question, it appears that the district court decided to consider evidence outside the contents of the particular charge to which Jones pleaded guilty, including testimony elicited from Jones during the sentencing hearing and documents relating to his assault and battery conviction.

The documents received in evidence revealed that Jones was originally charged with both simple assault and battery as well as assault and battery with a deadly weapon, namely, a paved parking lot. According to an incident report, Jones had "body-slammed" his then-wife's face into the pavement in a parking lot and, when the police arrived, his wife was lying in a pool of blood. The state trial court record indicates that in exchange for an agreement to drop the assault and battery with a deadly weapon charge, Jones pleaded guilty to the simple assault and battery charge, which alleged that Jones "did assault and beat" his wife. The state court trial judge accepted his plea and sentenced him to two years' imprisonment./1

In his testimony before the district court, Jones contested the allegation that he beat his then-wife; he claimed that he was only trying to stop her from hitting him and she simply fell as they struggled. He also testified that when he pleaded guilty to the assault and battery charge

he specifically objected to any claim that he beat his wife and that he pleaded guilty only because the trial judge assured him that simply touching someone constitutes assault and battery in Massachusetts.

Based on this evidence, the district court resolved the dispute over the nature of Jones's assault and battery conviction by concluding that Jones had indeed pleaded guilty to beating his then-wife. Accordingly, the district court ruled that Jones's assault and battery conviction was a conviction for a crime of violence. Having concluded that Jones's assault and battery conviction was both a felony conviction and a conviction for a crime of violence, the district court ruled that Jones qualified as a career offender under USSG sec. 4B1.1.

Taking into account this ruling, as well as other considerations relevant under the Sentencing Guidelines,/2 the district court sentenced Jones to 153 months' imprisonment to be followed by 3 years' supervised release and ordered Jones to pay $500 in restitution and a $100 assessment. Jones now appeals his sentence on the ground that the district court erred in determining that he qualified as a career offender under USSG sec. 4B1.1.

II

Section 4B1.1 of the Sentencing Guidelines provides, in relevant part:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG sec. 4B1.1. There is no dispute that Jones was over 18 at the time of the bank robbery or that bank robbery is a felony crime of violence, and there is no suggestion that Jones has any felony controlled substance convictions. The only question the parties dispute is whether Jones has two prior felony convictions for crimes of violence, and more particularly, whether Jones's 1994 Massachusetts assault and battery conviction is a felony conviction for a crime of violence. Jones contends, as he did in the district court, that, for purposes of the career offender guideline, his assault and battery conviction is neither a felony conviction nor a conviction for

a crime of violence. The government confesses error on the latter point and we are persuaded that the government did so correctly. Still, for completeness sake, we will address both of Jones's arguments, beginning with his argument that his assault and battery conviction is not a felony conviction for purposes of the career offender guideline.

A.  Felony Conviction

Under Massachusetts law, simple assault and battery is a misdemeanor punishable by up to 2 years' imprisonment. Mass. Gen. Laws ch. 265, sec. 13A; Mass. Gen. Laws ch. 274, sec. 1. Jones argues that because his offense of conviction is a misdemeanor under Massachusetts law, it should not be considered a felony under the career offender guideline. The problem for Jones is that the Sentencing Guidelines adopt an independent felony/misdemeanor classification system for purposes of that guideline. The Guidelines define "prior felony conviction," as that term is used in USSG sec. 4B1.1, to mean "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG sec. 4B1.2, comment. (n.1). And, all of the courts that have considered the question have concluded that the only relevant consideration in determining whether a prior conviction is a felony conviction is whether the offense of conviction is punishable by death or imprisonment for more than one year. United States v. Dorsey, 174 F.3d 331, 332 (3d Cir. 1999); United States v. Baker, 961 F.2d 1390, 1392 (8th Cir. 1992); United States v. Davis, 932 F.2d 752, 763 (9th Cir. 1991); United States v. Pinckney, 938 F.2d 519, 521-22 (4th Cir. 1991); see also United States v. Belanger, 936 F.2d 916, 920 (7th Cir. 1991) (suggesting in dicta such a conclusion). It simply does not matter whether state law classifies the offense as a misdemeanor or a felony.

Jones offers a different reading of the Guidelines' definition of "prior felony conviction." He contends that the definition is simply a default rule applicable only to crimes that are not "specifically designated" as felonies or misdemeanors--that is, crimes defined by so-called "wobbler" statutes, which provide that a crime may be a felony or a misdemeanor depending on the length of the sentence imposed, see United States v. Hester, 917 F.2d 1083, 1086-87 (8th Cir. 1990) (dissenting opinion) (discussing a wobbler statute). Under his view, federal courts must, in all other situations,

respect the felony/misdemeanor designation state law gives the crime in question.

We cannot accept Jones's reading of the definition of "prior felony conviction." To begin with, his reading disregards the significance of the first clause of the definition, "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year," a clause that is not limited or qualified in any way by the remaining portions of the definition. To the contrary, the "regardless" clauses that follow emphasize that the definition is as broad as it reads. Jones's reading also ignores the fact that the provision at issue is a definition, not a default rule. It purports to establish, for all cases, what qualifies as a "prior felony conviction" under the career offender guideline. Put simply, Jones's reading of the definition of "prior felony conviction" takes the "specifically designated" clause out of context and then overemphasizes its importance.

Beyond being more textually sound, our reading of the definition of "prior felony conviction" also makes considerable sense. By ignoring how crimes in different jurisdictions are classified and looking instead to what punishment is authorized, a court can avoid the vagaries of sentencing defendants on the basis of idiosyncratic or unusual felony/misdemeanor classifications. It seems likely to us that the punishment chosen for a crime will more accurately and equitably reflect, for cross-jurisdictional purposes, the seriousness of that crime than will the crime's felony/misdemeanor classification. As such, looking to the punishment authorized is more consistent with the goal of the Sentencing Guidelines to treat similarly situated defendants similarly. Cf. United States v. Shannon, 110 F.3d 382, 386 (7th Cir. 1997) (en banc) (citing the Guidelines' goal of "bringing about a reasonable uniformity in federal sentencing" as a reason for rejecting mechanical reliance on state law in determining whether statutory rape is a crime of violence); United States v. Unthank, 109 F.3d 1205, 1211 (7th Cir. 1997) (noting that, in order to maintain uniformity in the application of the Guidelines, this court has "rejected attempts to sidestep the career offender provisions of the Guidelines based on minor, non-substantive differences in the way that a particular crime is designated or labeled by a state").

Finally, we must also reject Jones's alternative argument on this issue, that the definition of "prior felony conviction" is ambiguous and therefore, pursuant to the rule of lenity, must

be read in favor of defendants. Any ambiguity created by the "specifically designated" clause is definitively resolved by placing that clause in context. As we have already explained, the rest of the definition and the broader purposes of the Sentencing Guidelines both indicate that the definition of "prior felony conviction" should be read to require courts to look only to the punishment authorized for a crime in determining whether that crime is a felony.

Because the only thing that matters in determining whether a conviction is a felony conviction for purposes of the career offender guideline is whether the offense of conviction "is punishable by death or imprisonment for a term exceeding one year," and because Massachusetts law authorizes a sentence of up to 2 years' imprisonment for assault and battery, the district court did not err in holding that Jones's assault and battery conviction is a felony conviction.

B.  Crime of Violence

Under Massachusetts law, simple assault and battery encompasses two sorts of crimes--one involving actual (or potential) physical harm and one involving a nonconsensual but unharmful touching. Mass. Gen. Laws ch. 265, sec. 13A; United States v. Harris, 964 F.2d 1234, 1236 (1st Cir. 1992). Jones contends that the government failed to properly establish that he was convicted of the former crime and therefore failed to establish that his assault and battery conviction was for a crime of violence because only that crime can be considered a crime of violence. The government agrees and confesses error on this point. Nevertheless, we must still independently evaluate the merits of Jones's claim. United States v. Wilson, 169 F.3d 418, 427 (7th Cir. 1999); United States v. Locklear, 97 F.3d 196, 198 (7th Cir. 1996).

For purposes of the career offender guideline, the Sentencing Guidelines define "crime of violence" as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

(1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG sec. 4B1.2(a). Jones's assault and battery conviction does not qualify as a crime of violence under subsection one since actual, attempted, or threatened physical force is not a necessary element of the offense. Likewise, assault and battery is not one of the crimes specifically enumerated in subsection two. Accordingly, the question becomes whether Jones's offense involved conduct presenting a "serious potential risk of physical injury to another."

This court has announced specific rules regarding what sources of information may be referred to in conducting this inquiry. Ordinarily, a court may look only to the facts contained in the charging document (that is, the indictment or information) since only those facts are deemed established by the defendant's conviction. United States v. Jackson, 177 F.3d 628, 632 (7th Cir. 1999); United States v. Shannon, supra, 110 F.3d at 384; see also USSG sec. 4B1.2, comment. (n.1) (an offense that does not otherwise qualify as a crime of violence will qualify if "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . ., by its nature, presented a serious potential risk of physical injury to another."); cf. Taylor v. United States, 495 U.S. 575, 602 (1990) (announcing a similar rule for determining whether a prior conviction was for a violent felony under 18 U.S.C. sec. 924(e)). If, however, it is impossible to discern from the charging document whether the offense of conviction was a crime of violence, a court may look beyond the charging document provided that doing so does not require a hearing to resolve contested factual issues. United States v. Hicks, 122 F.3d 12, 12 (7th Cir. 1997); Shannon, 110 F.3d at 384.

The charging document underlying Jones's assault and battery conviction alleges that Jones "did assault and beat" the victim. Ordinarily, such an allegation would suffice to establish that the defendant committed a crime of violence. See, e.g., Jackson, 177 F.3d at 633. In this case, however, the charging document's use of the phrase "did assault and beat" is somewhat deceptive. As the government points out, the phrase "did assault and beat" is the standard charging language for all assault and battery charges in Massachusetts. Mass. Gen. Laws ch. 277, sec. 79; Harris, 964 F.2d at 1237 (acknowledging this language is boilerplate). As a result, no inference regarding whether Jones committed a crime of violence can be drawn from the charging document's use of the phrase "did assault and beat." And, there is no other language in the charging document that indicates

whether Jones's offense was a crime of violence.

As the charging document does not indicate whether Jones's offense of conviction was a crime of violence, it is permissible to look to evidence outside the charging document, but only if doing so would not require a hearing to resolve contested issues of fact. See Shannon, 110 F.3d at 384. Such a hearing would be necessary here, however. Whether Jones physically assaulted his ex-wife and whether he pleaded guilty to doing so are vigorously contested questions that are impossible to answer on the basis of undisputed evidence. The district court, in fact, held a hearing to resolve just those questions. And, the parties offered evidence, both documentary and testimonial, in support of their positions that required the district court to make choices about which evidence to believe and what inferences to draw. Since a hearing would be (and was) necessary to resolve contested issues of fact regarding the nature of Jones's assault and battery conviction, the allegations in the charging document are the only "evidence" that may be considered in determining whether Jones's offense of conviction was a crime of violence. As we have already noted, however, these allegations do not answer that question. Consequently, we hold that the district court erred in ruling that Jones's assault and battery conviction was for a crime of violence.

III

Because Jones's 1994 Massachusetts assault and battery conviction was not for a crime of violence, Jones does not qualify as a career offender under sec. 4B1.1 of the Sentencing Guidelines. The district court's ruling to the contrary was therefore in error. Accordingly, we Reverse Jones's sentence and Remand the case for resentencing in accordance with this opinion.

/* It is not entirely clear how the defendant's name is spelled. Defense counsel refers to the defendant as Latitus Jones, while the government refers to him as Latidtus Jones. We adopt the latter spelling as that is the one that was used in the district court.

/1 Originally, his sentence was suspended, but not long after his release from custody, Jones was back in court facing a charge that he had violated his probation. The trial court found that Jones had indeed violated his probation and reinstated his two-year sentence.

/2 The district court's ruling that Jones qualified

as a career offender made his base offense level 32, which the court reduced by 3 levels for acceptance of responsibility. Jones's extensive criminal history placed him in criminal history category VI. An offense level of 29 and a criminal history category of VI require a sentence of between 151 months and 188 months. If Jones had not been found to be a career offender he, in all likelihood, would have been assigned an offense level of 23, which would have required a sentence of between 92 months and 115 months.