UNITED STATES of America,
Plaintiff–Appellee,

v.

Kerry L. MILLER, Defendant–
Appellant.

No. 01–4354.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 16, 2002.*

Decided Nov. 22, 2002.

Rehearing and Rehearing En Banc
Denied Dec. 27, 2002.

Before BAUER, POSNER, and DIANE
P. WOOD, Circuit Judges.

**ORDER**

In May 2001 Kerry L. Miller was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Miller discharged his appointed counsel and proceeded pro se, eventually pleading guilty conditioned upon his right to appeal pretrial motions. The district court sentenced Miller to 52 months' imprisonment, 3 years' supervised release, a $500 fine, and

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

a $100 special assessment. Miller challenges the court's decision to conclude a pretrial evidentiary hearing without allowing him to cross-examine a government witness, as well as the court's use at sentencing of a prior Indiana conviction that became final in 1993. We affirm.

Indiana courts convicted Miller of felonies in 1984 and 1993. In 1998 he bought a semi-automatic rifle in Shelbyville, Indiana, and eventually ATF Special Agent Patrick Donovan investigated Miller for possession of a firearm by a felon. During that investigation Donovan interviewed Miller for one hour at the Branchville Correction Center, and Miller told him about the 1984 burglary conviction. The government alleged both convictions in the § 922(g)(1) charge, but Miller moved to bar evidence of the burglary at trial on the theory that Donovan did not know about the conviction before interviewing Miller and found out about it only after conducting the interview in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The district court convened an evidentiary hearing in September 2001, during which the government called Donovan to testify about the investigation and his meeting with Miller. The court, however, interrupted the direct examination to request specific documents from the government, and then recessed to permit the prosecutor to locate them. The court explained that it would resume the hearing at a later date, but ultimately denied the motion without taking further testimony. The court reasoned that no *Miranda* violation had occurred because the interview Miller initiated was noncustodial, his statement about the burglary conviction was volunteered, and Agent Donovan inevitably would have discovered the burglary conviction in any event. The court added that it saw no reason to reconvene the hearing.

■ Miller contends that the court erred by recessing the evidentiary hearing and never reconvening it, thus denying him the opportunity to cross-examine Agent Donovan. Although the government suggests on appeal that Miller forfeited this issue by not objecting earlier, Miller had no opportunity to object. The court had announced its intention to hear additional evidence, and Miller had no reason to anticipate a ruling without further testimony. Still, Miller's challenge fails because a court is required to hold a suppression hearing only if there are disputed issues of material fact. *See United States v. Walker*, 237 F.3d 845, 715, 850 (7th Cir.2001). Miller's pro se motion did not raise any dispute about whether the interview was "custodial." Miller did assert generally that Donovan learned about his conviction in violation of *Miranda*, but he failed to explain how *Miranda* warnings were even necessary. The fact that Miller was in custody for a separate offense did not automatically make this particular interview custodial. *See United States v. Menzer*, 29 F.3d 1223, 1230–32 (7th Cir. 1994). Miller did not allege, and he does not contend here, that his meeting with Donovan was custodial, so the court was not required to conduct a suppression hearing at all, much less resume the hearing that was in progress.

■ In any event, we have doubts that the relief sought by Miller was available to him. A motion to suppress is an unusual vehicle for suppressing evidence of the *fact* of a conviction, especially when, as here, it is based on a Fifth Amendment challenge. Miller's objective was not limited to thwarting the use of his admission that he had been convicted of burglary in 1984. Indeed, the government clarified that it did not even intend to introduce Miller's admission in its case in chief. Instead, Miller wanted all evidence of the conviction

itself excluded, and his only chance to suppress the fact of the conviction under such a theory is to argue that it is a fruit of the poisonous tree, a difficult legal argument given recent precedent. *See United States v. Abdulla,* 294 F.3d 830, 835–836 (7th Cir.2002) (expressing uncertainty but not deciding whether fruit of poisonous tree doctrine applies to *Miranda* violations). Moreover, even if Miller could make that legal argument, he would need to show that the government learned of the conviction by exploiting illegally obtained evidence. *See United States v. Swift,* 220 F.3d 502, 506–07 (7th Cir.2000). That he could not do. The fact of his conviction is in the public record. The government's knowledge and ability to prove the fact of the conviction is too attenuated from Miller's statement to be suppressed under such a theory because the government did not need Miller's admission in order to learn about or prove his prior conviction. Further, even if Miller had successfully suppressed evidence of the 1984 felony, the government could have used evidence of his 1993 felony to prove that he was a felon as that conviction was not suppressed. *See United States v. Jester,* 139 F.3d 1168, 1171–1172 (even if court suppressed one prior felony, defendant's other prior felony would support § 922(g)(1) conviction).

Miller also challenges the district court's calculation of his offense level and criminal history points. He contends that the court incorrectly found that he had a prior felony conviction for a crime of violence. We review a court's factual determinations with respect to sentencing for clear error. *See United States v. Gevedon,* 214 F.3d 807, 812 (7th Cir.2000). In setting Miller's total offense level at 17, the court found that his 1993 felony conviction was for Class D criminal confinement, a crime of violence, justifying a base offense level of 20. U.S.S.G. § 2K2.1(a)(4)(A). The court then decreased the offense level by 3 levels

under U.S.S.G. § 3E1.1. Miller challenges only whether he actually has a prior conviction for Class D criminal confinement, not whether that crime is a crime of violence.

 Miller was initially convicted of both "Class B" criminal confinement and criminal recklessness after a 1991 jury trial. On direct appeal the state appellate court concluded that there was insufficient evidence to support either conviction, but held that the evidence was sufficient to sustain a conviction on the lesser-included offense of "Class D" criminal confinement. The state appellate court remanded the case with instructions to resentence for Class D criminal confinement, but the trial court's 1993 resentencing order reads that Miller was resentenced for "Class D criminal recklessness," rather than Class D criminal confinement as had been directed. We do not decide whether this discrepancy was simply a scrivenor's error or something more, for we are bound to treat Miller as though he has a conviction for criminal recklessness because that is what the judgment says, and it has not been reversed. If Miller thought the court erred in resentencing him for criminal recklessness when it was instructed to resentence him for criminal confinement, he should have raised that issue in his direct appeal to the Indiana Court of Appeals. Whether or not Miller's conviction for criminal recklessness would have survived appellate review in Indiana, the official record is enough to support his federal sentence. Criminal recklessness is a crime of violence, *see United States v. Jackson,* 177 F.3d 628, 633 (7th Cir.1999), justifying Miller's base offense level of 20. And it carries 3 criminal history points, *see* U.S.S.G. § 4A1.1(a).

We note as well that there can be no disputing that Miller has a valid felony

conviction for one of the two crimes, and on this record a conviction for either would support the disputed guidelines calculations. Criminal recklessness is a crime of violence, *see Jackson,* 177 F.3d at 633, and Miller has conceded that Class D criminal confinement is likewise a crime of violence. His prior conviction of a crime of violence is enough to justify a base offense level of 20 and 3 criminal history points.

The judgment of the district court is AFFIRMED.