**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shawn DAMPEER, Defendant–**
**Appellant.**

**No. 03–2670.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 10, 2003.

Decided Dec. 17, 2003.

See publication Words and Phrases for other judicial constructions and definitions.

Colin S. Bruce, Office of the United States Attorney, Urbana, IL, for Plaintiff–Appellee.

Shawn Dampeer, pro se, Manchester, KY, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

## ORDER

Without the benefit of a plea agreement, Shawn Dampeer pleaded guilty to distributing five grams or more of crack cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B). After determining that Dampeer was a career offender, the district court sentenced him to 262 months in prison, eight years of supervised release, and imposed a $100 special assessment. Dampeer filed a notice of appeal, but his appointed lawyer moves to withdraw because she cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Dampeer received notice of counsel's motion but did not reply. *See* Cir. R. 51(b). Because counsel's brief is facially adequate, we limit our review to the potential issues she identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We agree with counsel that those potential issues are frivolous and thus grant counsel's motion to withdraw and dismiss Dampeer's appeal.

In January 2001 Dampeer sold 6.7 grams of crack cocaine to a source secretly working with agents of the Illinois State Police Task Force X. This exchange resulted in a one-count indictment charging Dampeer with distributing five grams or more of crack cocaine. The probation officer in his presentence investigation report (PSR) recommended that Dampeer be considered a career offender based on two prior convictions that qualify as crimes of violence under the guidelines–aggravated battery and aggravated discharge of a firearm. *See* U.S.S.G. § 4B1.2(a) & cmt. n. 1. The probation officer calculated Dampeer's base offense level as 37 with a criminal history category of VI. After subtracting three points for acceptance of responsibility, the probation officer recommended a sentencing range of 262 to 327 months.

At the sentencing hearing, Dampeer objected to the characterization of the aggravated battery conviction as a crime of violence that qualified him for career offender status, arguing that he committed the offense when he was 17 and that it was "just a mere fight." The probation officer explained to the court that although Dampeer was 17 when he committed the offense, he was tried as an adult and his sentence exceeded a year and a month, and thus the offense still counted as a prior conviction for the purposes of career offender status. *See* U.S.S.G. § 4A1.2(d) & cmt. n. 7. In response, the court declared that it could not retry prior offenses and instead could consider only the actual convictions to determine if they are crimes of violence. The court concluded that the aggravated battery conviction qualified Dampeer for career offender status because the conviction was punishable for a term exceeding a year and a month and involved the use of force. Consequently, the court adopted the PSR recommendation and sentenced Dampeer to 262 months.

Counsel first contemplates whether Dampeer could challenge his guilty plea, specifically whether his plea was knowing and voluntary under Fed.R.Crim.P. 11. Because Dampeer has not asked for his plea to be set aside, however, counsel rec-

ognizes that our decision in *United States v. Knox* forecloses a Rule 11 challenge. 287 F.3d 667, 671 (7th Cir.2002). We held in *Knox* that counsel should not even consider presenting a Rule 11 argument unless the defendant wants to unwind his guilty plea. *Id.*

Counsel also considers arguing that Dampeer's prior convictions do not constitute crimes of violence under the career offender provision of the Guidelines. We agree with counsel, however, that such an argument would be frivolous since both of Dampeer's prior convictions meet the definition of crimes of violence. In deciding whether a prior conviction qualifies a defendant for career offender status, a district court generally must not look beyond the face of the charging document and the statutory definition of the offense. *United States v. Cole*, 298 F.3d 659, 661 (7th Cir. 2002). Under the Guidelines, an offense is a crime of violence if 1) it has as an "element the use, attempted use, or threatened use of physical force against the person of another" or 2) where "the conduct set forth ... presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2, cmt. n. 1. Dampeer pleaded guilty to intentionally causing great bodily harm to the victim under the Illinois Aggravated Battery statute. *See* 720 Ill. Comp. Stat. 5/12–4(a); *Talbott v. Indiana*, 226 F.3d 866, 870 (7th Cir.2000) ("When enhancing the sentences of repeat offenders, federal courts are entitled to treat the prior convictions as what they are, rather than as what defendants say they should have been."); *United States v. Jackson*, 177 F.3d 628, 632 (7th Cir.1999) (relevant conduct is the conduct for which defendant was convicted). Hence, Dampeer's conduct of "intentionally causing great bodily harm" to another in committing a battery is a crime of violence under the first prong, since an element of the offense by definition involved the use of physical force against another, and, at the least, presented a serious risk of physical injury. *Cf. Jackson*, 177 F.3d at 633 (holding that criminal recklessness, involving recklessly, knowingly or intentionally inflicting serious bodily injury on another, presented a serious risk of physical injury to another). Because the aggravated battery offense clearly fits the definition of a crime of violence, an argument on this ground would be frivolous.

In addition, Dampeer conceded at the sentencing hearing that the prior conviction for aggravated discharge of a firearm (toward a vehicle that he knew contained people) was a crime of violence. In any event, arguing that the offense was not a crime of violence would be frivolous because we have recognized that the discharge of a firearm constitutes a crime of violence. *See Cole*, 298 F.3d at 662 (any offense involving firing a firearm at a vehicle is a crime of violence for the purposes of career offender status); *United States v. Vahovick*, 160 F.3d 395, 397 (7th Cir. 1998); *United States v. Chapple*, 942 F.2d 439, 442 (7th Cir.1991).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.