NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2008
Decided January 22, 2008

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-2027

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 06-20054-001 |
| TIMOTHY R. HARRELL, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

After police officers in Champaign, Illinois, arrested Timothy Harrell for driving under the influence of marijuana, they found crack and powder cocaine in the squad car they used to take him to jail. The officers obtained a warrant to search a hotel room Harrell was renting, and there they found 78 grams of crack and 114 grams of powder cocaine. Harrell pleaded guilty to possessing with the intent to distribute more than 50 grams of crack. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). At sentencing the district court determined that Harrell's two prior burglary convictions qualified him as a career offender. *See* U.S.S.G. § 4B1.1. The court calculated a guidelines imprisonment range of 262 to 327 months, and sentenced Harrell to 262 months. Harrell appeals, but his court-appointed attorney now moves to withdraw because she cannot discern a nonfrivolous basis for the

appeal.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Harrell declined our invitation to respond to counsel's facially adequate brief, *see* CIR. R. 51(b), but moved for substitute counsel instead.  Our review is limited to the potential issues identified by counsel.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first asks whether Harrell might argue that his plea was involuntary, but she has not said whether Harrell wants to have his plea set aside, and she should not have explored the issue unless she knows that he does.  *See United States v. Torres*, 482 F.3d 925, 925 (7th Cir. 2007); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2001).  In any event, counsel is unable to point to any deficiency in the plea colloquy that could undermine Harrell's plea.  Indeed, the court complied with Federal Rule of Criminal Procedure 11, and thus we agree that any potential argument that his plea was involuntary would be frivolous.  *See* FED. R. CRIM. P. 11(b); *Schuh*, 289 F.3d at 975.

Next counsel considers whether Harrell could argue that his first residential burglary conviction does not qualify as a crime of violence because he served only five months of his four-year sentence.  But as the guidelines explain, a burglary that is punishable by more than one year in prison qualifies "regardless of the actual sentence imposed," U.S.S.G. § 4B1.2, cmt. n.1; *see also United States v. Jones*, 235 F.3d 342, 345 (7th Cir. 2000), and residential burglary in Illinois carries a minimum punishment of four years' imprisonment, *see* 720 ILCS 5/19-3; 730 ILCS 5/5-8-1.  Harrell was discharged after he successfully completed a five-month bootcamp program—but his early release has no bearing on the nature of the offense he committed.  *Cf. United States v. Coleman*, 38 F.3d 856, 859 (7th Cir. 1994) (noting that enumerated offenses like burglary "are conclusively 'crimes of violence,' regardless of their circumstances").  Thus we agree with counsel that it would be frivolous to challenge the district court's conclusion that his burglary conviction qualified as a crime of violence.

Counsel also considers whether Harrell could argue that his prison sentence is unreasonable.  But at sentencing Harrell never even suggested the existence of a factor under 18 U.S.C. § 3553(a) that would warrant a below-range sentence, not even the differential between sentences for crack and powder cocaine.  *Cf. Kimbrough v. United States,* 128 S.Ct. 558, 564 (2007).  And it would be frivolous for him to suggest such a reason here for the first time, since we have explained that a defendant cannot complain on appeal that his sentence should have been lower on account of § 3553(a) factors that were never disclosed to the district court.  *See United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Moreover, in this particular case, Harrell's counsel argued at sentencing that a 262-month term would be reasonable and should be imposed, and that is the precise sentence Harrell received.  His

sentence—which falls at the low end of the guidelines range—would be entitled to a presumption of reasonableness, *see Rita v. United States*, 127 S.Ct. 2456, 2462 (2007); *United States v. Gammicchia*, 498 F.3d 467, 468 (7th Cir. 2007), and counsel has been unable to identify any reason why we would not apply that presumption here.

In his motion for new counsel, Harrell complains that his attorney has not done enough to identify potential issues for appeal, but he has not identified any issues that he believes counsel failed to explore. Accordingly, we GRANT counsel's motion to withdraw, DENY Harrell's motion for new counsel, and DISMISS the appeal.