NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2009
Decided November 13, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2802

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> BYRON DUBOIS COLLINS, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 05 CR 508-1 <br><br> Amy J. St. Eve, <br> *Judge.* |

**O R D E R**

Byron Dubois Collins pleaded guilty to robbing a bank, *see* 18 U.S.C. § 2113(a), and was sentenced to 200 months in prison. Collins appeals, but his appointed counsel cannot identify any nonfrivolous arguments to pursue and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Collins declined an invitation to respond to counsel's submission, *see* CIR. R. 51(b), and so we confine our review to the issues outlined in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At his first sentencing hearing, Collins requested a continuance to enable him to get tested for prostate cancer and have family members attend sentencing. The district court found that Collins' medical problems did not warrant a continuance, but granted a one-month continuance so that his family could have more time to appear.

A month later, the parties reconvened for a second sentencing hearing.  At the hearing, the district court calculated Collins' guideline imprisonment range.  The court applied a base offense level of 20, *see* U.S.S.G. § 2B3.1(a), with two additional levels for taking property from a bank, *see id.* § 2B3.1(b)(1), three more levels for brandishing a dangerous weapon, *see id.* § 2B3.1(b)(2)(E), two levels for reckless endangerment during his high-speed getaway, *see id.* § 3C1.2, and a two-level reduction for acceptance of responsibility, *see id.* § 3E1.1, for a total offense level of 25.  The court noted, however, that Collins met the criteria for a career offender, *see id.* § 4B1.1(a), and since the maximum penalty for the robbery was 20 years, *see* 18 U.S.C. § 2113(a), the corresponding offense level was 32, *see* U.S.S.G. § 4B1.1(b)(C).  With a two-level reduction for acceptance of responsibility, *see id.* § 3E1.1, and a criminal history category of VI, Collins' guideline imprisonment range was 168 to 210 months.  The court imposed a term of 200 months' imprisonment.

In his *Anders* submission, counsel first considers whether Collins could challenge his guilty plea.  Collins, though, has told counsel that he does not want the plea set aside, and so counsel appropriately omits any discussion of the plea colloquy or the voluntariness of Collins' plea.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next assesses whether Collins could argue that the district court lacked sufficient evidence to support a three-level adjustment for brandishing a dangerous weapon, *see* U.S.S.G. § 2B3.1(b)(2)(E).  But the court did not sentence Collins based on the guideline calculation that imposed the adjustment; because Collins was a career offender, the court sentenced him based on the higher offense level associated with the guidelines' career-offender provision.  *See* U.S.S.G. § 4B1.1; *United States v. Clanton*, 538 F.3d 652, 660 (7th Cir. 2008).  Thus any challenge to an adjustment for brandishing a dangerous weapon would be moot.

Counsel then questions whether Collins could challenge his classification as a career offender.  Collins disputed the classification at sentencing, insisting that he did not have two prior convictions for crimes of violence as required by U.S.S.G. § 4B1.1(a).  The district court, however, found three prior convictions for crimes of violence.  The court found that Collins had two prior convictions for previous bank robberies—both crimes of violence, *see* U.S.S.G. § 4B1.2 cmt. n.1—and a conviction for resisting an officer—also a violent offense because it presented a serious risk of physical injury (Collins, while driving a stolen car, had dragged the officer alongside for a short distance).  *See* U.S.S.G. § 4B1.2 cmt. n.1; *United States v. Jones*, 235 F.3d 342, 346-48 (7th Cir. 2000).  As the career offender guidelines require only two prior convictions for crimes of violence, *see* §§ 4B1.1, 4B1.2 cmt. n.1; *United States v.*

*Templeton*, 543 F.3d 378, 379 (7th Cir. 2008), any challenge to the career offender classification would be frivolous.

Counsel next questions whether the district court erred by failing to include the two-level reduction for acceptance of responsibility in his total offense level. At sentencing, the judge incorrectly pronounced that Collins' offense level was 32 when in fact her calculations dictated a level of 30. But the judge in fact arrived at the correct sentencing range (168 to 210 months) for someone with an offense level of 30 and a criminal history of VI. If the judge had actually used an offense level of 32, the guideline range would have increased to 210 to 262 months. Any misstatement by the court was therefore harmless, *see, e.g., United States v. Stott*, 245 F.3d 890, 915 (7th Cir. 2001).

Counsel also questions whether the district court erred in denying a continuance in order for Collins to be tested for cancer. But the court did grant a continuance for a month in order that Collins' relatives could attend the sentencing hearing. Collins did not object to the length of the continuance, never again mentioned his concern about cancer, and even told the court that the proposed continuance "would be fine." We will not reverse the denial of a continuance absent an abuse of discretion and a showing of actual prejudice to a defendant, *see United States v. Vincent*, 416 F.3d 593, 598 (7th Cir. 2005), and we see no potential prejudice to Collins.

Finally, counsel notes that Collins has a history of mental health problems (namely depression), and questions at length whether the district court erred by not accounting for that history by departing below the guideline range. But Collins waived any appellate challenge because he never requested a downward departure. *See United States v. Fudge*, 325 F.3d 910, 916 (7th Cir. 2003). Since waiver of an argument precludes any appellate review, our analysis of this potential issue would end there. *See id.* But even if Collins had pressed his departure requests, we would still see no error unless the sentence were unreasonable. *See United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006). Under U.S.S.G. § 5K2.13 (policy statement), the court should not account for diminished capacity by departing below the guideline range if the defendant's offense involved a serious threat of violence or if the defendant's criminal history reflected a need to protect the public. *United States v. Zuniga-Lazaro*, 388 F.3d 308, 313 (7th Cir. 2004). The court explicitly found that Collins' violent offense and criminal history reflected a need to protect the public, and we see no potential error in those findings. Any argument that his sentence was unreasonable would be without merit.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.